Filed 9/16/20  P. v. Lakey CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C089487 |
| Plaintiff and Respondent, | (Super. Ct. Nos. SC059733B & STK-CR-FE-1996-0005306) |
| v. | |
| DERRICK LAKEY, | |
| Defendant and Appellant. | |

Defendant Derrick Lakey appeals the denial of his petition for resentencing under Penal Code section 1170.95[1] because the trial court did not first appoint counsel.  We conclude any error in not appointing counsel during the resentencing process was harmless beyond a reasonable doubt.  We affirm the trial court's denial of defendant's petition.

---

[1]     Undesignated statutory references are to the Penal Code.

1

FACTUAL BACKGROUND

The relevant facts of this case have been detailed by the California Supreme Court in *People v. McCoy* (2001) 25 Cal.4th 1111, 1115-1116 (*McCoy*): "Codefendants Ejaan Dupree McCoy and [defendant] were tried together and convicted of crimes arising out of a drive-by shooting in Stockton in 1995. McCoy drove the car and [defendant] was in the front passenger seat, with others in the back. The car approached four people standing on a street corner. McCoy leaned out of the window and shouted something. A flurry of shots was fired from the car toward the group. Witnesses saw both McCoy and [defendant] shooting handguns. Two of the group were shot, one fatally. The other two escaped injury. Someone from outside the car returned fire, wounding [defendant]. The evidence showed that McCoy fired the fatal bullets."

A jury found defendant and his codefendant guilty of various crimes including first degree murder. On appeal, we reversed the codefendant's conviction finding the jury was improperly instructed on the codefendant's unreasonable self-defense theory. We also reversed defendant's conviction finding (1) an aider and abettor cannot be convicted of a greater offense than the actual perpetrator and (2) we could not conclude any participant acted with malice. (*McCoy, supra*, 25 Cal.4th at pp. 1115-1116.)

The Supreme Court reversed our decision as to defendant, disagreeing on both grounds. The court first found defendant's guilt was not determined by his codefendant's unreasonable self-defense claim. Instead, the Supreme Court determined an aider and abettor's "guilt is determined by the combined acts of all the participants as well as that person's own mens rea." (*McCoy, supra*, 25 Cal.4th at p. 1122.) The court next disagreed with our finding that "because the jury may have erroneously found McCoy acted with malice, it did not necessarily find that *any* participant acted with malice. This conclusion also reflects a misunderstanding about the mental state needed for an aider and abettor (again, aside from the natural and probable consequences doctrine not relevant here). The trial court instructed the jury both regarding direct perpetrator

2

liability and aiding and abetting liability. It also instructed on the malice requirement of murder. To the extent the jury based its verdict as to [defendant] on his personal acts, it necessarily found malice. To the extent it based it on McCoy's acts -- finding that [defendant] aided and abetted those acts -- it necessarily found that [defendant] knew of McCoy's unlawful purpose and intended to commit, encourage, or facilitate that purpose. [Citation.] The only unlawful purpose charged here was an unlawful killing. Absent some circumstance negating malice one cannot knowingly and intentionally help another commit an unlawful killing without acting with malice. [Citation]. Whether or not McCoy killed in unreasonable self-defense, thus negating what would otherwise be malice as to him, McCoy's unreasonable self-defense would not negate the implicit jury finding that [defendant] knowingly and intentionally helped McCoy commit the crime, which constitutes malice." (*Id.* at pp. 1122-1123, fn. omitted.)

On remand, we affirmed defendant's judgment. (*People v. McCoy* (May 7, 2002, C024654) [nonpub. opn.].)

On January 10, 2019, defendant filed a petition for rehearing under Penal Code section 1170.95. In the petition, defendant checked boxes that he was convicted of murder "pursuant to the felony murder rule or the natural and probable consequences doctrine" and he could not be convicted of murder "because of changes made to . . . §§ 188 and 189." His petition further stated he was not the actual killer, did not have the intent to kill, was not a major participant, and the victim was not a peace officer. Defendant also requested the appointment of counsel.

The trial court denied defendant's petition without appointing counsel. The court quoted from the Supreme Court's opinion in *McCoy* that the jury " 'necessarily found malice,' " and then found the "jury was not given the natural and probable consequence instruction. Nor was the jury instructed as to the felony murder rule. [¶] This court is denying the request for appointment of counsel because there is no colorable claim for relief." Defendant timely appealed.

3

DISCUSSION

Defendant contends his petition presented a prima facie showing for resentencing, requiring the trial court to appoint counsel before denying his petition under section 1170.95.  The People concede defendant's petition makes a prima facie showing, but argue not appointing counsel was harmless error.  We conclude any error was harmless.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  Senate Bill No. 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice and by amending section 189 to state that a person can only be liable for felony murder if (1) the "person was the actual killer"; (2) the person was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life."  (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, §§ 2, 3.)

Senate Bill No. 1437 also added section 1170.95 to provide the resentencing petition process.  After a defendant submits a petition and the court does an initial review for missing information, subdivision (c) of section 1170.95 provides, in part, "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner."
(§ 1170.95, subd. (c).)

We need not analyze the requirements of subdivision (c) because any error would be harmless based on the Supreme Court's decision in *McCoy*.  The parties disagree on which harmless error standard applies.  But any error here would be harmless even under the more stringent beyond a reasonable doubt standard.  (*Chapman v. California* (1967)

4

386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711].) The California Supreme Court concluded in *McCoy* that defendant necessarily acted with malice, regardless of whether the verdict was based on defendant's own acts or his aiding and abetting his codefendant's killing. (*McCoy*, *supra*, 25 Cal.4th at pp. 1122-1123.) This conclusion is law of the case and is binding. (*People v. Shuey* (1975) 13 Cal.3d 835, 841-843; *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Defendant's malice renders him ineligible for relief under Senate Bill No. 1437 and it is beyond a reasonable doubt appointment of counsel could not have changed this. Thus, even if the trial court was required to appoint counsel, which we do not decide here, this error would have been harmless under any standard.

DISPOSITION

The judgment is affirmed.


　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　　HOCH, J.



We concur:



 /s/
HULL, Acting P. J.



 /s/
DUARTE, J.


5